

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXX
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Hon. Jno. Q. McAdams
Commissioner, Depart-
ment of Banking
Austin, Texas

Dear Mr. McAdams:

Opinion No. 0-5724
Re: Construction of Articles 1524a
and 696, of the Revised Civil Stat-
utes, with respect to depositing
securities by loan and brokerage com-
panies.

You request an opinion from this Department in the following letter:

"Two companies hold charters under Article 1303b of the Revised Civil Statutes of Texas for 1925. Both companies up to now have engaged only in the business of accumulating and lending money. The companies now propose to issue face amount installment certificates as authorized by 1303b and 1524a, Revised Civil Statutes for 1925. The issue and sale of these certificates, however, are to be only in connection with loans made by the respective companies. No certificates will be sold to any person other than a borrower from the company. No certificate will be sold in an amount in excess of the amount loaned to the purchaser. No general offering to the public of these certificates will be made. No part of the capital of either company is to be raised by the issuance and sale of these certificates. The sole purpose to be accomplished by the issue and sale of such certificates is to afford the borrower a convenient plan for savings to repay his loan obligation at its maturity.

"We would like to know whether loan and brokerage companies issuing debentures and certificates upon which they are to receive installment payments under Article 1524a Revised Civil Statutes of 1925 in the manner set out above are also required to make the deposit provided by Article 696 Title 21 of the same statute."

Section 7, of Article 1524a, Vernon's Revised Civil Statutes, as amended in 1937, 45th Legislature, p. 405, Chap. 204, Sec. 2, contains the following:

"All bonds, notes, certificates, debentures, or other obligations sold in Texas by any corporation affected by a provision of this Act shall be secured by securities of the reasonable market value, equaling at least at all times the face value of such bonds, notes, certificates, debentures or other obligations. If such corporation sells in Texas bonds, notes, certificates, debentures or other obligations upon which it receives installment payments, such bonds, notes, certificates, debentures and other obligations shall be secured at all times by securities having the reasonable market value equal to the withdrawal or cancellation value of such obligations outstanding. Said securities shall be placed in the hands of a corporation having trust powers approved by the Banking Commissioner of Texas as Trustee under a trust agreement, the terms of which shall be approved in writing by the Banking Commissioner of Texas, or at the option of any such corporation which sells in Texas bonds, notes, certificates, debentures or other obligations upon which it receives installment payments, such corporation may upon application to, and approval by, the Banking Commissioner of Texas deposit securities having a reasonable market value equal to the withdrawal or cancellation value of such obligations outstanding with the State Treasurer of Texas in lieu of such deposits with a Trustee as set forth hereinabove, ***.

"Any such corporation which sells in Texas bonds, notes, certificates, debentures or other obligations upon which it receives installment payments, which upon the effective date of this Act has securities deposited with a Trustee hereunder, may, with the written consent of the Banking Commissioner continue under said trust agreement, and/or agreements as to bonds, notes, certificates, debentures or other obligations already sold in Texas upon which it receives installment payments, and avail itself of the option to deposit such securities as to future sales of said obligations with the State Treasurer of Texas by complying with this Act in the same manner that a corporation hereafter organized would be required to comply with this Act.

"***.

"All cash or securities left with the State
Treasurer in compliance with Article 696, Revised
Civil Statutes of 1925, shall be considered as
part of the collateral required under this section."

It has been held by this Department that the securi-
ties deposited under Article 696, of the Revised Civil Statutes,
are for creditors of the depositing corporation generally, and
not specially for its Texas creditors.  (See opinion of Mr.
Richard Brooks, Assistant Attorney General, of date May 11, 1938,
addressed to Honorable Charley Lockhart, State Treasurer.  See,
also, opinion by Assistant Attorney General Cureton, June 17,
1917, Opinions Attorney General, 1916-1918, p. 202).  The opin-
ion by Mr. Brooks likewise held that securities deposited un-
der the requirement of Section 7 of the Loan and Brokerage Com-
panies' Act are exclusively for the benefit of holders of ob-
ligations sold in Texas.

It will be seen that the Loan and Brokerage Companies
Act (Article 1524a) requires such company issuing and selling to
the public its bonds or other securities in Texas to keep its
outstanding obligations secured "at all times", to the extent
therein stated, while Article 696 does not require such continu-
ous collateral security.  There can be no doubt of the Banking
Commissioner's authority to require companies operating under
Article 1524a to keep its outstanding obligations collateral-
ized at all times, but such power does not exist under Article
696, as above stated.

We are of the opinion the provision above quoted,
that securities deposited with the State Treasurer under Arti-
cle 696, may be considered as part of the collateral security
required by Article 1524a, is a privilege extended to the cor-
poration, but there is nothing to be found in either Act that
would justify the construction that an issuing company would be
required to do more than to collateralize its outstanding obli-
gations sold in Texas with securities deposited under Article
1524a, either with the State Treasurer, in the exercise of its
option, or with a trustee, as provided for in Article 1524a.

To keep such outstanding obligations collateralized
in a manner here indicated would be a full compliance with
every requirement, and meet every purpose of the Loan and Brok-
erage Companies Act.

Hon. Jno. Q. McAdams, page 4  (O-5724)


        Trusting that what we have said is sufficient an-
swer to your inquiry, we are

                        Very truly yours

                        ATTORNEY GENERAL OF TEXAS

                        By /s/ Ocie Speer
                        Ocie Speer, Assistant

APPROVED DEC 3, 1943
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

OS-MR:wb